UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:06CR461 |
| Plaintiff, | : | JUDGE CHRISTOPHER A. BOYKO |
| | : | |
| v. | : | |
| | : | |
| Luis E. Vega | : | |
| | : | <u>ORDER</u> |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Appeal From Pretrial Detention and Request for House Arrest and the Government's Response in Opposition to Defendant's Appeal From Pretrial Detention and Request for House Arrest.

For the following reasons, the court affirms the decision of the Magistrate Judge and overrules Defendant's Request for House Arrest.

## FACTS AND ANALYSIS

Defendant Vega was indicted on September 26, 2006 for Possession With the Intent to Distribute 500 grams or more of cocaine. Although defendant has no prior drug

convictions, he does have criminal history, which includes Attempted Felonious Assault (1997) , Receiving Stolen Property, Motor Vehicle (1998),Receiving Stolen Property (1998) Possession of Criminal Tools (1999), Receiving Stolen Property, Motor Vehicle (1999) and Failure to Comply With Order or Signal of Police Officer (2005).

Defendant asserts that if placed on House Arrest he would reside at 4536 West 170th Street with Crystal McLaughlin whose relationship  to Defendant and background has not been provided to the Court.  He also asserts he was working as a mechanic, has two sons, pays child support, has never intimidated nor threatened witnesses and interacts with his children every week.

All of these facts are important and were presented to the Magistrate Judge for consideration.  The Magistrate Judge noted that "the weight of the evidence against the defendant is substantial.  The defendant has a criminal record, including violations of court-ordered supervision by the commission of new offenses, which resulted in re-incarceration (Case File No.8)"

This Court, in addressing Defendant's appeal of the detention order, pursuant to 18 U.S.C. §3145 (b), must acknowledge the statutory presumption that individuals charged with drug trafficking offenses should be detained under 18 U.S.C. § 3142 (e).  Congress has made a finding as a deliberative body that the scourge of drugs on our society is so great to warrant presuming no release, rather  the general rule of presuming bond, unless other factors dictate pretrial detention.

The amount of drugs Defendant is charged with possessing with intent to distribute is large - 500 grams.  The indictment itself, while constituting no evidence of guilt, does trigger the Congressional presumption and tells the Court that the federal grand jury did find probable cause.

This Court has consistently espoused respecting the duties of each branch of government and, consistent with the Sixth Circuit's view, gives strong consideration of Congress' legislative intent in this situation. 21U.S.C § 801 et seq.

The Court has reviewed the factors in 18 U.S.C. § 3142 (g): (1) the nature and circumstances of the offense charged and whether the offense is a crime involving a narcotic drug; (2) the weight of the evidence against the defendant; (3) the history and characteristic of the defendant...; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's pretrial release. See U.S. v. Hernandez, No. 1:02CR006, 2002WL 1377911(E.D. Tenn. Feb.27,2002).

The Court submits the following in support of the Magistrate's Judge's Order of Detention:

(1) The initial presumption of detention imposed by 18 U.S.C. §3142 (e);

(2) Defendant's substantial criminal history, which indicates the public is at risk when Defendant is not detained; House Arrest does not completely eliminate the risk, since Defendant, should he so choose, could simply abscond at will and take his chances thereafter.

(3) Weighing on Defendant's mind is the probability of being classified as a Career Offender, thereby significantly increasing his chances for long term incarceration, giving him additional impetus to not appear.

(4) The Magistrate Judge's finding that "the evidence against the defendant is substantial". Defendant has not offered anything in his motion to rebut or deny that finding. If, indeed, the evidence is substantial, the chances of conviction increase and long term incarceration follows.

(5) Defendant's portrayal in his motion of a "job-holding family man" flies in the face of his history, this indictment and the Magistrate Judge's findings.

Therefore, this Court affirms the Magistrate Judge's Order of Detention, and overrules Defendant's Request for House Arrest.

IT IS SO ORDERED.

/s/ Christopher A. Boyko

CHRISTOPHER A. BOYKO

UNITED STATES DISTRICT JUDGE

DATED:11/03/2006